# Supreme Court—General Term—Fifth Department.

*April,* 1885.

## PEOPLE *v.* TAYLOR.

### EVIDENCE.—FORM OF VERDICT.

Defendant was indicted for an assault in the first degree. Upon the trial, two police-officers, witnesses for the prosecution, testified that shortly before the assault, they were told that "the fellows had a fight down below, that there was a drunken crowd at a place called Whitham's " (near which defendant was shortly afterward encountered by the officers). *Held,* that this evidence was admissible, not as bearing on the guilt of defendant, but to show the circumstances under which the officers were acting when they met defendant, and why they were properly in the part of the village where the affray occurred.

The complainant testified that after the injury he received from the assault of defendant, he thought he sent a messenger after Dr. M. N., to sew up his eye. It was not disputed that Dr. M. N. did sew up the eye. *Held,* that this evidence was admissible as bearing on the nature of the injury, and its treatment by a physician.

The admission in rebuttal of evidence which would have been a proper part of the affirmative case, is within the discretion of the court.

The conduct of a person charged with crime, immediately after its commission, is a proper subject of inquiry.

The court, being engaged in explaining to the jury the provisions of the statute as to assaults in different degrees, said, "A person who assaults another willfully and wrongfully, wounds or inflicts grievous bodily harm upon another, either with or without weapons, under that breach of it you would be justified in finding the prisoner guilty of an assault in the second degree. . . . . While the second count of the indictment under which this trial has proceeded, charges an assault with intent to kill, you are still at liberty, and it is your duty to find him guilty of a lesser offense, such as assault in the second degree, or third degree, *if you are satisfied the evidence justifies it.*" *Held,* not the expression of an opinion that the jury should convict.

Upon an indictment for a crime, consisting of different degrees, the jury may, by a general verdict, find defendant not guilty of the degree charged in the indictment, and guilty of any of the inferior degrees.

APPEAL by defendant, Charles Taylor, from a judgment of the Court of Sessions of Steuben county, Hon. HARLO HAKES, presiding, June 2, 1884, convicting defendant of assault in the second degree.

The facts appear in the opinion.

*Miller & Nichols*, for defendant, appellant.

*I. W. Near*, district attorney, for the people, respondent.

HAIGHT, J.—The defendant was indicted for an assault in the first degree. The evidence submitted on the part of the people tended to show that on the night of February 12, 1884, at about eleven o'clock, the defendant, John A. Merwin, and several others were on the streets of the village of Hornellsville intoxicated and making a disturbance, and that Nelson Kring was a police-officer of the village. He said to the boys, " You will have to stop this noise and get off the street," and he then approached Merwin and put his hand on him and told him to go home. Thereupon Merwin struck him and he struck back; both then clinched and fell to the ground together; subsequently a Mr. Wood came along, and the police-officer called on him to help him; Wood took hold of Merwin, and Kring told Merwin that he arrested him. They then started towards the lock-up. As they passed the Sherwood house, a rush was made upon them. Taylor, the defendant, struck Wood in the back of the neck, and the three, Kring, Merwin and Wood, fell to the ground; Taylor then kicked Kring in the face, cutting a gash so that the skin dropped down over the eye. He then caught Wood by the lapel of the coat and kicked him once in the breast and once on the arm. Wood drew his revolver and fired at him, but did not hit him. About that time McDade, another police-officer, approached. He saw Taylor kick Kring. Taylor then ran into the street and struck at McDade, and then ran away. Merwin was then taken to the lock-up. Kring sent for a doctor, who came and sewed up the wound over the eye. The next day Taylor was arrested, and at the time of his arrest he was found hiding under a bed at his boarding-house. The

evidence submitted on the part of the defendant is to the effect that Taylor did not do the kicking, but that it was done by one Dan Kinney, whose whereabouts was then unknown.

It thus became a question for the jury to dispose of. The conviction was for an assault in the second degree. The evidence is ample to sustain the verdict, and the judgment must stand, unless there were errors occurring upon the trial.

Kring testified that he was going down to the depot to send a dispatch to Buffalo ; that he met one Lynch, who told him, "The fellows have had a fight down below." McDade testified that he had been taking a drunken man to the lock-up, and that he saw Lynch and understood from him, "that there was a drunken crowd at a place called Whitham's." This evidence was taken under the objection and exception of the defendant. It is now contended that the reception of this evidence was error. It is true that it is hearsay, and that hearsay is not ordinarily competent evidence in reference to any matter at issue on a trial ; but the question as to whether or not there was a drunken crowd or fight at Whitham's was not the subject of inquiry under this indictment, and we do not understand that the evidence was offered or received for any such purpose. It is always competent, when a witness is sworn, to permit a few questions to be asked as to his residence, business, and occupation, so that the jury may know something of his history, and the circumstances under which he was acting at the time to which his testimony relates, so that they may be able to judge of his credibility. It was proper, on behalf of the people, to show that these witnesses were police-officers, that they were properly upon the streets in the discharge of their duties as such officers, and the reason that they came to be in that part of the village where this affray occurred. The evidence objected to was doubtless offered and received for this purpose. It amounts to nothing more. They had heard that there was a drunken crowd or fight down at Whitham's, and were on their way to look after it, as it was their duty to do. The persons with whom the affray took place were found upon the street some distance from Whitham's, and there is no evidence tending to show that they were the persons alluded to by Lynch,

consequently the defendant was not prejudiced by the testimony.

Officer Kring further testified that he thought he sent Wood after Dr. McNett to sew up his eye. This was objected to on the part of the defendant, and is now claimed to be error. We are, however, of the opinion that it was not. It was entirely competent for the district attorney to show the nature of the injury that Kring received, and to show that it was treated by a physician, the time that it took to heal, etc. It perhaps was not material to show who was sent for the physician, further than it was a part of the history of the case. The fact that Kring received a cut over the eye, that it was sewed up by Dr. McNett, and that the stitches were subsequently taken out by Dr. Robinson, was not controverted by a single witness upon the trial.

The defendant was sworn as a witness in his own behalf, and on the cross-examination he testified that he was not under the bed when he was arrested. Upon the rebuttal, the district attorney called Nelson Alvord as a witness, who testified that he was the officer who arrested the defendant, and that when he arrested him he was under the bed. The defendant took exception to the admission of this evidence. We are of the opinion that it was properly admitted. The conduct of a person charged with crime, immediately after the commission, is always the proper subject of inquiry. If he attempts to run away, or hide and evade the officer, it is a circumstance proper to go to the jury. This evidence would have been proper as part of the affirmative case, and the admission of it in rebuttal was within the discretion of the trial court. The court, in its charge to the jury, among other things charged that, " a person who assaults another willfully and wrongfully, wounds or inflicts grievous bodily harm upon another, either with or without weapons, under that branch of it you would be justified in finding the prisoner guilty of an assault in the second degree." It is now claimed that this was an expression of an opinion on the part of the court that the jury should convict the prisoner of this offense. Such, however, was not the intention of the court, nor do we think it was so understood by the jury. The meaning of the

court is apparent from that which precedes and follows the portion of the charge complained of. The court was engaged in explaining to the jury the provisions of the statute in reference to assaults in the first, second, and third degrees, and was calling their attention to the clauses of the statute which it was necessary for them to consider.

Assault in the second degree may be by the administering of poison or other noxious drugs or medicines, or it may be to enable or assist another person to commit a crime, or it may be by willful and wrongful wounds which inflict grievous bodily harm. It was only to this latter subdivision of the section that the court was intending to draw the attention of the jury as being the subdivision under which they must convict, if they convicted at all, of the crime of assault in the second degree. The court had previously explained fully the statute in reference to assault in the first degree, and then proceed to define assault in the third degree. The charge then proceeded and the judge remarked : " These degrees all have whatever grades of punishment are prescribed by law. While the second count of the indictment under which this trial has proceeded charges an assault with intent to kill, you are still at liberty and it is your duty to find him guilty of a lesser offense, such as assault in the second degree, or third degree, *if you are satisfied* the evidence justifies it." It appears to us that the learned trial judge did not intend to express any opinion upon the evidence. He, perhaps, was unfortunate in the choice of the words made use of, but his final remarks in reference to the three grades of assaults, and that they might convict of the second or third degree if they were satisfied the evidence justified it, would seem to leave no doubt in reference to what was intended by the court. Numerous other exceptions were taken to the charge, but there is only one other which we consider it necessary to here discuss. It is claimed that the court erred in instructing the jury that they had the power under this indictment to convict of the crime of assault in the second degree. The indictment contained two counts ; one was for the assault in the third degree, and the other for an assault in the first degree. At the commencement of the trial the defendant called upon the court to require the people to elect which

count they would proceed upon.    The court, in accordance with
the request of the defendant, compelled the district attorney to
elect, and the district-attorney elected to proceed upon the
count charging assault in the first degree.    It is now claimed
that under the provisions of the Code there could be no general
verdict of guilty of an offense not specifically charged in the
indictment, and that the form of the verdict in such case
must be a special verdict.

Section 436 of the Code of Criminal Procedure provides,
" That the jury may either render a general verdict, or when
they are in doubt as to the legal effect of the facts proved, they
may, except upon an indictment for libel find a special verdict."
It appears to us that there can be no doubt about the meaning
of this section.

The jury are to render a general verdict, except when they
are in doubt as to the legal effect of the facts proved, in which
case they may render a special verdict.    There is no claim in
this case that the jurors were in any doubt as to the legal effect
of the facts proved before them, and if not, they were not called
upon to render a special verdict.    A general verdict is guilty
or not guilty, and it imports a conviction or acquittal of the
offense charged in the indictment.    A special verdict is that by
which the jury finds the facts only, leaving the judgment to the
court ; and when the facts are found, they must be reduced to
writing by the jury, or in their presence entered in the minutes
of the court.    See sections 437, 438 and 439.

Section 444 of the Code provides that, " Upon an indict-
ment for a crime consisting of different degrees, the jury may
find the defendant not guilty of the degree charged in the
indictment and guilty of any degree inferior thereto or of an
attempt to commit the crime."    This is just what the jury
has done in this case.    It has convicted the defendant of one
of the inferior degrees of the crime charged in the indictment.
And it appears to us that the authority for that form of a ver-
dict is found in the express provisions of the statute quoted.

The judgment and conviction should be affirmed, and the
proceedings remitted to the Court of Sessions of Steuben county.

So ordered.

BARKER, BRADLEY and CORLETT, JJ., concur.